## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANGELA SINGLETON,

    *Plaintiff,*

    v.

ELIZABETH MAZHARI, *et al.*,

    *Defendant*

Civil Action No.
22-CV-2554-GLR

## MEMORANDUM OPINION AND ORDER

This matter has been referred to me pursuant to 28 U.S.C. § 636 and Local Rule 301(5)(a), *see* ECF No. 47, for resolution of a series of discovery disputes between Plaintiff, Angela Singleton, and the Maryland Technology Development Corporation ("TEDCO"). There is separate litigation ongoing between Plaintiff and TEDCO. *See Singleton v. Maryland Tech. Dev. Corp.*, No. 22-CV-00999-JMC, 2022 WL 4104201 (D. Md. Sept. 8, 2022) (order dismissing earlier case, "*Singleton I*"); *Singleton v. Md. Tech. & Dev. Corp.*, Case No. 22-2075 (4th Cir.) (appeal). But as to the instant case, TEDCO is a third party. Plaintiff has issued three third-party subpoenas to TEDCO, two of which are operative (one of them, ECF 52-1, having been superseded and withdrawn): a subpoena for production of documents, ECF No. 52-8 (the "Document Subpoena"), and a subpoena for a Rule 30(b)(6) deposition of TEDCO, which also contained additional requests for production of documents from TEDCO, ECF No. 52-2 (the "30(b)(6) Subpoena").

Plaintiff and TEDCO (the "Disputants") appeared before me yesterday, March 13, 2024, for a discovery hearing. Plaintiff and TEDCO filed several submissions in advance of the hearing. ECF Nos. 43, 46, 51, 52, 54, 55, 59; *see also* ECF Nos. 53 (order setting briefing schedule) & 54 (order setting hearing). Those submissions revealed that the Disputants were

unable to resolve ten disputes arising from the two operative subpoenas: (1) the appropriate time frame for documents and testimony, (2) whether TEDCO would need to re-produce documents to Plaintiff that TEDCO had previously produced to Plaintiff in the EEOC proceeding, (3) whether and to what extent discovery from Defendants should precede or control discovery from TEDCO, (4) the impact Defendants being sued in only their personal capacities has on the scope of discovery, (5) which, if any, "performance development plans" of TEDCO employees other than Plaintiff are discoverable, (6) which custodians' documents TEDCO should collect and review, (7) the search terms TEDCO should use to search any custodian's documents, (8) TEDCO's assertion of attorney-client privilege and the work product doctrine over investigations conducted by Impact HR and an outside law firm, (9) whether Plaintiff is entitled to sanctions in the form of attorneys' fees and costs as requested, and (10) whether other case deadlines should be stayed pending completion of discovery from TEDCO.

Nearly all of those disputes either (a) were resolved between Plaintiff and TEDCO at the hearing after discussion, (b) were decided by the Court on oral ruling at the hearing, or (c) are such that counsel for Plaintiff and TEDCO will be conferring and the Court is confident that such further conferral will resolve the issues. In particular, the Court ruled that, as a general matter, January 1, 2017 is a reasonable start-date for the scope of discovery; TEDCO need not re-produce documents it previously produced; although Defendants have been sued in their personal capacities for purposes of this case, the scope of discovery is broader than what TEDCO refers to as Defendants' "personal acts"; as to performance development plans in 2019 for individuals other than Plaintiff, TEDCO is to provide a list of which personnel were placed on performance development plans in 2019, and Disputants are to resolve which of such plans, if any, TEDCO shall produce. The Court also denied Plaintiff's request for sanctions, finding that TEDCO's

objections, although various have now been overruled, were substantially justified, *see* Fed. R. Civ. P. 37 ("the court must not order [payment of reasonable expenses] if . . . the opposing party's nondisclosure, response, or objection was substantially justified"). Finally, Plaintiff has stated that she does not seek any information or documents protected by the attorney-client privilege or work product doctrine related to the Impact HR or law firm investigation.

Remaining open after the hearing, however, was the question, as to Requests 1 and 3 in the Document Subpoena, and insofar as the 30(b)(6) Subpoena requests documents, of which custodians' documents TEDCO should collect, process, and review.[1]

Plaintiff requested that TEDCO collect, process and review documents from 12 custodians, and run 27 search terms against all of those custodians' documents, for the entire requested time period (January 1, 2017 to the present). *See* ECF No. 52-7 at 7-8 (letter from Plaintiff's counsel dated December 19, 2023, listing custodians and search terms). Plaintiff's demand as stated is overly broad and unduly burdensome, and not proportional to the needs of discovery in this case. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."); *Va. Dep't of Corr. V. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (explaining that, when considering whether to quash or narrow a third-party subpoena, "courts should consider not just the relevance of the information sought" as well as the burden on the third party of complying with the subpoena, but

---

[1] Also remaining open was whether any modification of the case schedule is needed or appropriate in these circumstances. As the parties understand, any request for modification of the scheduling order will need to be presented by means of a motion.

also "the requesting party's *need* for [the requested documents or information]") (emphasis added).[2]

After weighing the factors and considering Plaintiff's claims and Defendants' defenses, and the burdens on TEDCO, a non-party with respect to this case, the Court finds the following custodian list and concomitant time frames to constitute a reasonable scope for collection of documents for purposes of Requests 1 and 3 in the Document Subpoena, and insofar as the 30(b)(6) Subpoena request documents. Although the Court found at the hearing that, as a general matter, January 1, 2017 is an appropriate starting date for discovery, as applied to some of the custodians, for document collection purposes and as specifically noted below, the Court concludes that time frame is unnecessarily long[3]:

---

[2] The reasoning of *Jordan* does not squarely apply to the present dispute. As the Court of Appeals explained in *Jordan*, discovery from third parties is generally more limited than discovery from parties because "nonparties are strangers to the litigation, and since they have no dog in the fight, they have a different set of expectations from the parties themselves." 921 F.3d at 189 (cleaned up, quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). *See also id.* ("Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery."). Here, TEDCO, unlike the third-party subpoena recipient in the *Jordan* case, is not a "stranger" or "bystander"; Ms. Singleton's claims are against the Defendants for decisions they allegedly made while working for TEDCO, which Ms. Singleton contends constituted unlawful discrimination and retaliation, and created a hostile work environment. Regardless, the Court need not reach the question of whether TEDCO qualifies as a "bystander" as contemplated in *Jordan*, because the Court would reach the same conclusions as to time frame, custodians, and the other issues decided at the hearing and herein when applying the relevance, burden and proportionality analysis required by Rule 26 itself.

[3] Other time periods may be appropriate with respect to other requests. For example, requests 4, 5, and 6 in the Document Subpoena pertain to the termination and/or nonrenewal of contracts for Tammi Thomas, Jennifer Hammaker, and Arti Santhanam. ECF No. 52-8 at 3. The Disputants did not raise any disputes with respect to those requests. The Court does not know when those terminations/non-renewals occurred. The Court's decision to limit collection of documents for purposes of requests 1 and 3, and the 30(b)(6) subpoena, for those three custodians' documents, to the period September-December 2019 does not affect TEDCO's obligation to collect and produce documents responsive to requests 4-6, which TEDCO had already agreed to do.

> Stephen Auvil – January 1, 2017 through December 31, 2020 (6 months after
> Plaintiff's June 19, 2020 termination )
> George Davis – January 1, 2017 through December 31, 2020
> Elizabeth Mazhari – January 1, 2017 through December 31, 2020
> McKeever Conwell – January 1, 2017 through December 31, 2020
> Angela Singleton – January 1, 2017 through December 31, 2020
> Linda Goins – January 1, 2017 through December 31, 2020
> Linda Singh – December 1, 2019 through December 31, 2020
> Jennifer Hammaker – September 1, 2019 through December 1, 2019
> Arti Santhanam – September 1, 2019 through December 1, 2019
> Tammi Thomas – September 1, 2019 through December 1, 2019
> Tim Wilson – January 1, 2020 through December 31, 2020
> John Wasilisin – January 1, 2017 through December 31, 2020

That then leaves the question of which search terms TEDCO should run against the universe of documents collected from the provided custodians for those time periods. As discussed at the hearing, TEDCO (or its vendor) should run search term reports ("STRs") for the search terms Plaintiff requests. Surely, certain terms will hit on volumes of documents that will be unduly burdensome and disproportionate to the needs of the case. Accordingly, Plaintiff and TEDCO shall engage in meaningful and concrete conferral, such as modifying search terms, narrowing time frames with respect to particular search terms, applying particular search terms only to particular custodians, and the like—a process that is necessarily iterative as narrower STRs are generated, until the set of documents to review reaches a reasonable volume, proportionate to the needs of the case. *See generally* Jason R. Baron & Edward C. Wolfe, *A Nutshell on Negotiating E-Discovery Search Protocols*, 11 Sedona Conf. J. 229 (2010).[4] The Court is confident that Plaintiff and TEDCO will reach agreement on such protocol, consistent with the Fourth Circuit's instructions in *Jordan* and the proportionality principle reflected in Rule 26.

---

[4] Available at https://thesedonaconference.org/sites/default/files/publications/229%20-%20236%20A%20Nutshell%20on%20Negotiating%20E-Discovery%20Search%20Protocols_0.pdf

Finally, the Court notes that hits on a given search term in a given document for a particular custodian, including during the time frames above, does not necessarily mean the document is discoverable. *See, e.g.*, *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 339 F.R.D. 275, 277 (W.D. Wash. 2021) ("[A] party's agreement to run search terms does not waive its right to review the resulting documents for relevance so long as the review can be done in a reasonably timely manner.").

So ordered.


Date:   March 14, 2024                                    _____/s/_____
                                                          Adam B. Abelson
                                                          United States Magistrate Judge